UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald O Deel, Owner, ) | C/A: 7:08-00856-GRA-WMC |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **FOR** |
| v. ) | **PARTIAL SUMMARY DISMISSAL** |
| ) | |
| Home Depot USA, Inc.; ) | |
| Estes Express Lines, ) | |
| ) | |
| Defendant(s). ) | |
| _____) | |

This is a civil action filed by a *pro se* plaintiff.[*] This complaint originally was filed *pro se* by Gerald O Deel (Deel) individually and for the corporate entity Deel's Delivery & Transfer, Inc. (DD&T). By orders dated March 18, 2008, and March 31, 2008, Deel was notified that while he could represent himself pursuant to 28 U.S.C. § 1654, that statute did not extend to him the right to represent a corporation. By these orders, Deel twice was given an opportunity to engage counsel to represent DD&T and warned that DD&T would be dismissed as a plaintiff if Deel failed to secure counsel for DD&T. In his April 7, 2008 Reply (Reply) (Docket Entry # 21), Deel confirmed his wish to proceed *pro se* individually with the understanding that DD&T would be dismissed from this case.

A non-attorney individual may not represent a corporate plaintiff. *See, e.g., First Hartford Corporation Pension Plan and Trust*, 194 F.3d 1279, 1290 (Fed. Cir. 1999); *Eagle Associates v. Bank of Montreal*, 926 F.2d, 1305, 1308 (2d Cir. 1991); *In re Victor Publishers, Inc.*, 545 F.2d. 285 (1st Cir. 1976). Deel was given specific time frames in

---

[*]Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

which to engage counsel to represent DD&T, and those time frames have now lapsed. Because Deel has not secured an attorney to represent DD&T, and in his Reply he acknowledges his understanding that DD&T will be dismissed as a plaintiff, the corporate entity DD&T should be dismissed as a plaintiff in this case.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss DD&T as a plaintiff in this case without prejudice. Deel remains as the *pro se* plaintiff in this action, and process shall issue for service of the defendants.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

April 10, 2008
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).